JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY POWELL,<br><br>Petitioner,<br><br>v.<br><br>R. MADDEN, Warden,<br><br>Respondent. | Case No. CV 23-555 DMG (MRW)<br><br>**ORDER DISMISSING ACTION** |

The Court dismisses this habeas corpus action: (a) as successive under 28 U.S.C. §§ 2243 and 2244; and (b) for failure to state a claim.

## BACKGROUND

Petitioner Michael Anthony Powell is currently serving a life term in state prison based on his 1999 murder conviction. [Doc. # 1 at 2.[1]]

Petitioner previously sought habeas relief in this Court regarding that conviction. The Court denied Petitioner's habeas petition on the merits. *Powell v. Lamarque*, No. CV 02-8231-ABC (MAN) (C.D. Cal.). The Ninth Circuit Court

---

[1] Citations to the record are to the CM/ECF pagination.

of Appeals denied a certificate of appealability in that action. CV 02-8231, [Doc. # 35].

In 2022, Petitioner filed an application in the state superior court for resentencing pursuant to California Penal Code § 1172.6. The superior court denied the request. The state appellate court affirmed the denial of resentencing. [Doc. # 13 at 11.]

Petitioner also sought habeas relief in the state court system in 2022 and 2023. The state supreme court ultimately denied relief by noting that Petitioner raised claims that had previously been rejected on direct appeal. *Id.* at 12.

In the current federal habeas action, Petitioner alleges sufficiency of evidence and instructional errors related to his original 1999 trial (Grounds Two and Four). Petitioner further asserts claims of ineffective assistance of counsel and due process violations in connection with the recent resentencing proceedings (Grounds One and Three). [Doc. # 1.]

Hon. Michael R. Wilner, United States Magistrate Judge, screened the current petition. [Doc. # 5.] Judge Wilner noted that the action appeared to be successive and was not accompanied by a certificate from the Ninth Circuit authorizing a second habeas action under 28 U.S.C. § 2244. Judge Wilner further noted that Petitioner's resentencing-based claims were likely not cognizable on federal habeas review. *Id.* at 2–3.

Petitioner submitted a supplemental memorandum. [Doc. # 9.] In his statement, Petitioner contended that his original habeas action was denied for a technical error and "not decided on the merits." *Id.* at 1. While the bulk of the statement was not wholly intelligible, Petitioner claimed that the petition adequately identified a "constitutional error." *Id.* at 2.

The Attorney General moved to dismiss the action. [Doc. # 13.] The Attorney General contends that Grounds Two and Four in the petition are

successive under 28 U.S.C. § 2244.  The Attorney General also argues that Grounds One and Three in the petition do not present a federal constitutional claim upon which relief may be granted.

## DISCUSSION

If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss a habeas action.  28 U.S.C. § 2243; *see also* Local Civil Rule 72-3.2 (a magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

**A.    Successiveness**

Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action.  "Before a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

A prisoner *must* obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court.  *Id.*; *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (district court without jurisdiction to consider successive habeas action).  "If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it." *Brown v. Muniz*, 889 F.3d 661, 667, 676 (9th Cir. 2018) ("petitioner's burden is higher" under statute to bring successive habeas action); *Prince v. Lizzaraga*, 733 F. App'x 382, 384 (9th Cir. 2018) (prisoner "must first apply to this [appellate] court for permission to have his petition heard in the district court").

Two of Petitioner's claims are successive.  He raised Grounds Two and Four of the current petition in his earlier federal habeas action.  Contrary to

Petitioner's assertion, the Court denied relief in that action (CV 02-8231) on the merits over 20 years ago. That makes make the current action successive. *McNabb*, 576 F.3d at 1030. Petitioner presents no proof that he received permission from the Ninth Circuit to pursue another successive action. If Petitioner contends that he has "new evidence" or additional reasons to present these claims again in this district court, he must present that argument to the appellate court in the first instance. *Prince*, 733 F. App'x at 384. The successive claims in the current petition are dismissed for lack of jurisdiction.[2] 28 U.S.C. § 2244(b); *Brown*, 889 F.3d at 667.

**B.  Failure to State a Claim**

A state prisoner must fairly present a federal constitutional claim for habeas consideration. *Rose v. Lundy*, 455 U.S. 509 (1982). A prisoner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). As a result, federal habeas relief is "unavailable for an alleged error in the interpretation or application of state law." *Windham v. Merkle*, 163 F.3d 1092, 1107 (9th Cir. 1998).

California Penal Code § 1172.6 permits individuals convicted of murder under certain specified imputed malice legal theories (felony murder, natural and probable consequences doctrine) to petition for resentencing. Nonetheless, "a state court's allegedly erroneous denial of resentencing under Cal. Penal Code § 1172.6 does not raise an issue cognizable on federal habeas review." *Rangel v. Cruz*, No. CV 23-03754 DSF (JDE), 2023 WL 3828776 at *1 (C.D. Cal. 2023) (citations omitted); *Walker v. California Supreme Ct.*, No. CV 22-4838 CAS (E), 2022 WL 11337927 at 2 (C.D. Cal. 2022) (same; collecting cases).

Furthermore, as a matter of statutory law, "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction

---

[2] Because this Court does not have jurisdiction over Grounds Two and Four, it declines to take up the Attorney General's alternative arguments regarding the untimeliness of the claims.

4

proceedings" does not state a claim cognizable on federal habeas review. 28 U.S.C. § 2254(i). As such, "a petition cannot claim constitutionally ineffective assistance of counsel in" a resentencing proceeding. *Coleman v. Thompson*, 501 U.S. 722, 752; *Issac v. Atchley*, No. CV 22-00570 CAS (JEM), 2023 WL 2169104 at *3 (C.D. Cal. 2023); *Doughton v. Montgomery*, 2021 WL 3186567, at *3 (E.D. Cal. 2021).

Neither of Petitioner's remaining claims in the current petition advances a legitimate constitutional claim. Count Three challenges the outcome of Petitioner's resentencing proceedings. That is a state law issue which raises no federal constitutional issue.[3] *Windham*, 163 F.3d at 1107; *Rangel*, 2023 WL 3828776 at *1; *Walker*, 2022 WL 11337927 at 2.

Finally, Petitioner's contention that his lawyer was ineffective during his post-conviction resentencing proceedings (Ground One) is simply untenable. The plain text of AEDPA and the Supreme Court have clearly stated that there is no constitutional claim in that circumstance. 28 U.S.C. § 2254(i); *Coleman*, 501 U.S. at 752; *Issac*, 2023 WL 2169104 at *3.

Petitioner's remaining arguments of supposed constitutional error are too conclusory to plausibly state a claim for relief. *Langford*, 110 F.3d at 1389.

///

---

[3] According to the state appellate court, Petitioner was not convicted under either of the legal theories specified in the statute. On that basis, Petitioner was ineligible for relief as a matter of that state law. *People v. Powell*, No. B304587) (Cal. App. 2021).

## CONCLUSION

Based on the successive nature of two of Petitioner's claims and the failure to state a constitutional claim in the remaining claims, Petitioner is not entitled to pursue habeas relief. The action must be and is **DISMISSED**. The pending motion to dismiss [Doc. # 13] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED: November 13, 2023

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE